

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

JUL 29 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN RE: EAGLE U S 2 LLC, *ET AL.* | Civil Action No.: | 2:15-cv-00671 |
| | | 2:15-cv-00672 |
| | | 2:15-cv-00675 |
| | | 2:15-cv-00676 |
| | | 2:15-cv-00677 |
| | | 2:15-cv-00678 |
| | | 2:15-cv-00679 |
| | | 2:15-cv-00680 |
| | | 2:15-cv-00681 |
| | | 2:15-cv-00682 |
| | | 2:15-cv-00683 |
| | | 2:15-cv-00684 |
| | | 2:15-cv-00685 |
| | | 2:15-cv-00686 |
| | | 2:15-cv-00687 |
| | | 2:15-cv-00688 |
| | | 2:15-cv-00689 |
| | | 2:15-cv-00690 |
| | | 2:15-cv-00691 |
| | | 2:15-cv-00692 |
| | | 2:15-cv-00693 |
| | | 2:15-cv-00694 |
| | | 2:15-cv-00695 |
| | | 2:15-cv-00696 |
| | | 2:15-cv-00697 |
| | | 2:15-cv-00698 |
| | | 2:15-cv-00700 |
| | | 2:15-cv-00701 |
| | | 2:15-cv-00702 |
| | | 2:15-cv-00703 |
| | | 2:15-cv-00704 |
| | | 2:15-cv-00705 |
| | | 2:15-cv-00706 |
| | | 2:15-cv-00707 |
| | | 2:15-cv-00708 |
| | | 2:15-cv-00709 |
| | | 2:15-cv-00710 |
| | | 2:15-cv-00711 |
| | | 2:15-cv-00712 |
| | | 2:15-cv-00713 |

                    2:15-cv-00714  
                    2:15-cv-00715  
                    2:15-cv-00716  
                    2:15-cv-00717  
                    2:15-cv-00718  
                    2:15-cv-00719  
                    2:15-cv-00720  
                    2:15-cv-00721  
                    2:15-cv-00722  
                    2:15-cv-00723  
                    2:15-cv-00724  
                    2:15-cv-00725  
                    2:15-cv-00726  
                    2:15-cv-00727  
                    2:15-cv-00728  
                    2:15-cv-00729  
                    2:15-cv-00730  
                    2:15-cv-00731  
                    2:15-cv-00732  
                    2:15-cv-00733  
                    2:15-cv-00734  
                    2:15-cv-00735  
                    2:15-cv-00736  
                    2:15-cv-00737  
                    2:15-cv-00738  
                    2:15-cv-00739  
                    2:15-cv-00740  
                    2:15-cv-00741  
                    2:15-cv-00742  
                    2:15-cv-00743  
                    2:15-cv-00744  
                    2:15-cv-00746  
                    2:15-cv-00747  
                    2:15-cv-00748  
                    2:15-cv-00749  
                    2:15-cv-00750  
                    2:15-cv-01506  

**JUDGE RICHARD T. HAIK, SR.**

**MAGISTRATE JUDGE KATHLEEN KAY**

## MEMORANDUM RULING

Before the Court is a Motion To Remand filed by Plaintiffs, a Memorandum in Opposition filed by Defendants Eagle US 2 LLC ("Eagle") and David L. Ardoin ("Ardoin"), Plaintiffs' Reply and Defendants' Sur-Reply. For the reasons that follow, the Court will grant Plaintiffs' motion to remand.

### I. Background

This action arises from an explosion and resulting fire on December 20, 2013, at the Eagle chemical manufacturing facility in Calcasieu Parish, Louisiana. The incident allegedly caused the release of toxic chemicals, gases and smoke into the air, affecting the facility and surrounding area. Plaintiffs are Louisiana residents who claim they were exposed to the toxic release which caused them to sustain various injuries. Plaintiffs cumulated their individual claims pursuant to Louisiana Code of Civil Procedure articles 463–465 which provide for plaintiffs to file their claims together while each plaintiff maintains its individual status.[1] Plaintiffs filed their cumulated petition in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, alleging negligence and seeking damages against Eagle, the owner of the chemical manufacturing facility, as well as Ardoin, an employee/operator at the Eagle facility. Plaintiffs alleged "[t]he release caused respiratory and mucous membrane injuries ... eye irritation, shortness of breath, nose bleeds, cough, headaches, nausea epigastric symptoms, rhinorrhea and wheezing."

---

[1] Under the cumulation standard in Louisiana, parties can cumulate their actions under one captioned lawsuit if "there is a community of interest between the parties joined. La.C.C.P. art. 463.

*Petition*. While they pray for damages including past pain and suffering and related past and future medical expenses, Plaintiffs further alleged, pursuant to the Louisiana Code of Civil Procedure article 893,[2] that:

> "[t]here is not diversity jurisdiction for Federal Court because the value of each Petitioner's individual case does not exceed $75,000.00." *Id.*

Also, Plaintiffs attached individual affidavits to the Petition which state, "I irrevocably stipulate that my damages ... do not exceed Fifty thousand Dollars ($50,000.00), exclusive of judicial interest and costs. *Id., Affidavits.*

Defendants removed the suit to this forum, alleging jurisdiction under the Class Action Fairness Act ("CAFA"). Defendants contend that federal jurisdiction exists in this case under CAFA. They maintain that counsel representing the plaintiffs in this action have made identical claims on behalf of other plaintiffs, thus creating "collectivist litigation." While Plaintiffs' "complaints do not expressly invoke the class action rule," Defendants assert "the claims here are 'similar' to class action claims and thus CAFA jurisdiction is appropriate." *Notice of Removal.* They further assert that even though Plaintiffs have not sought to comply with the "rigid requirements for class certification," "courts have characterized" litigation such as this as a "quasi-class action."[3]

---

[2] Louisiana Code of Civil Procedure Article 893(A)(1) states that "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages, ... a general allegation that the claim exceeds or is less than the requisite amount is required."

[3] In support of their "quasi-class action" position, Defendants cite three cases involving "hundreds of Plaintiffs joined in a single lawsuit," each asserting claims that arose out of damage to property caused by Hurricane Katrina. The court *sua sponte* severed the claims. In finding that

In response to the Removal Notice, Plaintiffs filed this motion to remand. Plaintiffs argue that removal was improper and this case should be remanded to state court because the suit does not meet the definition of a class action under CAFA. Plaintiffs further argue there are no allegations that this case is a class action or that any Plaintiff is acting in a representative capacity on behalf of any class. Rather, theirs is one of 76 properly cumulated petitions pertaining to the release at issue, composed of only individual claims for the Plaintiffs, each of whom maintains his or her separate identity.

## II. Motion to Remand Standard

The party removing to federal court has the burden of establishing jurisdiction. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir.2007). Removal jurisdiction "raises significant federalism concerns" and is strictly construed. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). Doubts regarding jurisdiction should be resolved against exercising jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000). In addressing a motion to remand for lack of diversity jurisdiction, a court looks to the claims in the state court complaint at the time of removal to assess diversity jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002).

---

the claims did not constitute a class action, the court commented without any jurisdictional support, that the claims could be described as a "quasi-class action." The Court finds the cases cited are wholly inapposite and distinguishable from this case and Defendants' "quasi-class action" argument is without merit. *See i.e., Bradley v. Nationwide Mut. Ins. Co.*, 2006 WL 2594548, 1 (S.D.Miss.,2006)

*III. Analysis*

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Id.* Any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction. *Acuna*, 200 F.3d at 339. The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 290 (5th Cir.2013).

*CAFA Jurisdiction*

CAFA grants federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exits between the parties (i.e., at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities. 28 U.S.C. § 1332(d)(2), (d)(5).

CAFA defines the term "class action" as "any civil action filed under [Federal Rule of Civil Procedure] Rule 23 or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In passing CAFA, Congress emphasized that the term "class action" should be defined broadly to prevent "jurisdictional gamesmanship." *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008). In determining whether there is

jurisdiction, federal courts look to the substance of the action and not only at the labels that the parties may attach. *Id.* Nevertheless, the definitive aspect of a CAFA-removable "class action" under 1332(d)(2) is that the action be a representative action *authorized by a statute or rule of procedure that authorizes a class action.*

While Defendants assert jurisdiction under CAFA based on the theory that this case is "similar" to a class action, they ignore the statutory requirements of CAFA. Plaintiff's petition is not a proposed class action and does not contain more than 100 plaintiffs. The petition makes no allegation that any claim was brought in a representative capacity on behalf of any class. Nor does it make any mention of Rule 23 of the Federal Rules of Civil Procedure or the Louisiana statutes related to pleading and establishing a class action, La. C.C.P. arts. 591 and 592. Rather, the petition is composed of the individual claims of Plaintiffs cumulated under La. Civ. Code Proc. arts. 463–465.[4]

By a plain reading of 28 U.S.C. § 1332(d)(A) and (B), Plaintiffs' action does not meet the statutory definition of a "class action." This Court cannot stretch the definition of "class action" beyond the limits set by Congress which tied the scope of CAFA "class actions" to representative actions filed under Federal Rule of Civil Procedure 23 or its state law equivalent. *See Armstead v. Multi-Chem Group, LLC.,* 2012 WL 1866862, 3 (W.D.La.,2012*)* (citing *In re Vioxx Products Liability Litigation,* 843 F.Supp.2d 654, 663-64 (E.D.La.,2012)

---

[4] Article 465 of the Louisiana Code of Civil Procedure specifically provides that the individual actions of such cumulated claims may be tried separately. LSA-C.C.P. Art. 465.

and the cases cited therein).

Defendants argue the Court should consolidate this case with the other petitions filed by Plaintiffs' counsel in state court, as well as with any other suits pertaining to the December 20, 2013 accident, in order to create a "class action" under CAFA. In essence, Defendants' contend the Court should ignore the purely state law allegations and binding stipulations in the petition as well as the plain wording of CAFA, pierce the pleadings and essentially create federal question jurisdiction under 28 U.S.C. 1332.

Generally, federal question jurisdiction exists if a federal issue appears on the face plaintiff's state-court complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid removal to federal court, and obtain a remand to state court, by choosing to rely exclusively on state law claims, *Id.* at 398–99, and/or "by stipulating to amounts at issue that fall below the federal jurisdictional requirement," *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350 (2013)[5] (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove").

In *Caldwell v. Bristol Myers Squibb Sanofi Pharmaceuticals Holding Partnership*, 2012 WL 3862454, 4 (W.D.La.,2012), the court addressed whether or not federal jurisdiction

---

[5] In *Knowles*, the Supreme Court held that a plaintiff who files a *proposed class action* cannot legally bind members of the proposed class before the class is certified. *Id.*

existed when only state claims were being asserted. In particular, the court addressed the issue in the context of CAFA. Initially, the court stated, "the plain language of the statute requires that, in order for an action to be a class action under CAFA, it must be pleaded as a class action under a state or federal class action statute." Quoting *In re Vioxx Products Liability Litigation,* 843 F.Supp.2d 654, 664 (E.D.La.,2012), the court further stated:

> Congress chose to define 'class action' not in terms of joinder of individual claims or by representative relief in general, but in terms of the statute or rule the case is filed under.... This is a statutory requirement; no amount of piercing the pleadings will change the statute or rule under which the case is filed.

*Caldwell* at 4 (quoting *In re Vioxx,* 843 F.Supp.2d at 664). Just as in *Vioxx,* the court stated that because no class action statute was implicated, "[t]he plain reading of the statutory definition of 'class action' necessarily excludes this case." *Id.* The court further stated, "if this is a formalistic outcome, it is a formalism dictated by Congress. Moreover, it is an understandable bright-line rule." *Id.* Based on the aforesaid language in *Vioxx,*[6] the court held "this lawsuit does not satisfy CAFA's definition of a class action." *Caldwell* at 4.

*CAFA - Mass Action*

Defendants also contend that jurisdiction exists under CAFA's "mass action" prong "because plaintiffs have pleaded their claims in a manner that would require a handful of state court judges in Calcasieu Parish to try multiple cases involving hundreds of plaintiffs." Plaintiff argue that their claims are not subject to CAFA's "mass action" provisions because Defendants have failed to establish that each plaintiff asserts claims worth more than $75,000

---

[6] The court in *Caldwell* also examined cases in several circuits other than the Fifth Circuit.

in damages, citing the stipulation set forth in their petition and the affidavits attached thereto.

CAFA also authorizes removal of a "mass action." A "mass action" must satisfy the same three threshold jurisdictional requirements applicable to "class actions": (1) the aggregate value of the claims exceeds $5,000,000; (2) there are at least 100 class members; and (3) there is minimal diversity, that is, where at least one plaintiff and one defendant are from different states. 28 U.S.C. § 1332(d)(11)(A); 28 U.S.C. § 1332(d)(2); *Armstead v. Multi-Chem Group, LLC.*, 2012 WL 1866862, * 4 (W.D.La.,2012). However, in addition to these threshold requirements, § 1332(d)(11)(B)(i) further requires that jurisdiction extends only to those plaintiffs who seek recovery in excess of $75,000. 28 U.S.C. § 1332(d)(11)(B)(I); *Armstead*, 2012 WL 1866862 at * 4.

In *Armstead*, the Court found that "to demonstrate the existence of jurisdiction under § 1332(d)(11) is to show that there is at least one plaintiff whose claim exceeds $75,000." *Armstead*, 2012 WL 1866862 at * 5 (citing *Abrego Abrego v. Dow Chemical Company*, 443 F.3d 676, 689 (9th Cir.2006) ("Dow [the removing defendant] has not established that even one plaintiff satisfies the $75,000 jurisdictional amount requirement of § 1332(a), applicable to mass actions by virtue of § 1332(d)(11)(B)(i)" accordingly, remand was required)).

The petition specifically states there is no diversity jurisdiction because the value of each petitioner's individual case does not exceed $75,000.00, as provided in the Louisiana Code of Civil Procedure article 893. Moreover, the plaintiffs have irrevocably bound themselves individually to an amount in damages less than $50,0000, exclusive of interest

and costs, through affidavits attached to the petition and made judgment of the state court under La. C.C.P. art. 1915(B)(1). *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) ("[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints."); *see also Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. at 1350.

Nor have Defendants established, either in their notice of removal or in response to the Motion to Remand, that the $75,000 threshold is satisfied by the claims made by any single plaintiff. Plaintiffs have affirmatively alleged the amount in controversy is below the jurisdictional minimum for diversity jurisdiction. Defendants submit no evidence to support a finding by a preponderance of the evidence that the amount in controversy for any plaintiff's claim in this action exceeds $75,000. Rather, Defendants assert that the $75,000 threshold is facially apparent because the types of damages sought to be recovered by the plaintiffs in this case are similar to the categories of damages sought to be recovered by the plaintiffs in *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F. Supp. 2d 775, 778-79 (W.D. La. 2008). The type of damages sought to be recovered, however, does not determine whether the $75,000 amount in controversy requirement has been satisfied, the amount of damages sought to be recovered governs the inquiry, and the defendants have presented no evidence to establish that amount. Consequently, Plaintiffs' claims remain presumptively correct as Defendants have failed to show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. *DeAguilar* at 1412.

Defendants' contention that it is "facially apparent" from the petition that the $75,000.00 amount in controversy requirement is satisfied, is without merit and the amount in controversy for a mass action under CAFA is not met.

Based on the factual allegations of the release at issue as pleaded in the state court petition, the Court finds that this lawsuit is not a mass action as that term is defined in CAFA.[7] As such, it is not necessary for the Court to consider whether or not the "event or occurrence" exclusion to "mass action" removal applies in this case.[8]

*Request for Costs, Expenses and Attorney's Fees*

Plaintiffs also move the Court to award costs, expenses and attorney's fees against Defendants for improper removal of this case. The Court retains the discretion to award to the nonmoving party "payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. 1447(c). To award attorneys' fees and costs, however, the Court must find that Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin,*

---

[7] As there has been no attempt to consolidate this lawsuit with any other separately filed lawsuit(s) and Plaintiffs' counsel has not proposed to try any of the lawsuits jointly, the jurisprudence cited by Defendants is inapposite. *See i.e. Hamilton, et al v. Burlington Northern Sanata Fe Pailway Company et al*, 2008 WL 814819 (W.D. Tex. 2008).

[8] Under the "event or occurrence" exclusion, the term "mass action" excludes any civil action in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State...." 28 U.S.C. § 1332(d)(11)(B)(ii)(I). Courts have found that a facility explosion and release such as in this case encompasses CAFA's mass action exception. *See Armstead*, 2012 WL 1866862, * 8-9.

126 S.Ct. at 711 (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004)). Under the legal and factual circumstances presented in this case, the undersigned cannot find that the removal in this case was objectively unreasonable. Accordingly, Plaintiffs' request for costs, expenses and attorney fees will be denied.

*IV. Conclusion*

For the foregoing reasons, the Court finds that Defendants have failed to meet their burden to establish this action was properly removed to this Court under CAFA, 28 U.S.C.§ 1332(d). The Court will therefore grant Plaintiffs' Motion To Remand.

**IT IS ORDERED** that Motion To Remand filed by Plaintiffs is **GRANTED**, and this matter is hereby **REMANDED** to the 14th Judicial District Court, Parish of St. Landry, State of Louisiana from which it was removed.

Thus done and signed this 27th day of July, 2015 at Lafayette, Louisiana.

_____
Richard T. Haik
United States District Judge